IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE JEROME ROBERTSON, | ) | No. C 12-4698 JSW (PR) |
| Plaintiff, | ) ) | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE; SETTING NEW MOTION SCHEDULE** |
| v. | ) ) ) | |
| SGT. W. STRUFFERT, et al., | ) ) | |
| Defendants. | ) ) | (Docket No. 21) |
| _____ | ) | |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against officials at Pelican Bay State Prison. On October 25, 2012, defendants were ordered served and dispositive motions were scheduled. Defendants filed a motion for summary judgment on March 12, 2013, but Plaintiff did not receive it because Defendants served the motion and exhibits on him at the wrong address. They notified the Court that they re-served him at the correct address on May 30, 2013. However, on neither occasion did they include *Rand* warning when they served him, despite having been ordered to do so in the Order of Service.[1] *See Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). The *Rand* notice must be given at the time of filing of the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

---

[1] The Order of Service also ordered Defendants to file an answer, but they did not do so until they were ordered to do so again on June 14, 2013.

2012); *Labatad v. Corrrections Corp. of America*, 714 F.3d 1155, 1159 (9th Cir. 2013) (internal quotation and citation omitted). "The *Rand notice* must issue so that the litigant will receive the motion and the notice reasonably contemporaneously." *Id.* Defendants did not serve plaintiff the *Rand* notice until June 25, 2013. This does not satisfy the rule in *Woods* and *Labatad*. This is especially true here as Plaintiff had already filed his opposition when the notice was served, and therefore he did not have the benefit of a "reasonably contemporaneous[]" *Rand* notice when he prepared the opposition. Defendants were warned in the Order of Service that if they did not serve Plaintiff with the *Rand* notice at the same time that they served him with the summary motion, that the motion would be denied without prejudice. Accordingly, Defendants' motion for summary judgment is DENIED without prejudice to refiling in accordance with the following:

    1. No later than **August 12, 2013**, Defendants shall file a new motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the Plaintiff. <u>Along with their motion, defendants shall file proof that they served plaintiff the applicable *Rand* notice at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion without prejudice.</u>

    2. If Plaintiff wishes to file an opposition to Defendants' motion for summary judgment, he must do so on or before **September 15, 2013**. Alternatively, he may by that date indicate that he wishes to oppose the summary judgment with the opposition he filed on June 24, 2013 (dkt. 36), and the Court will deem that as the opposition to Defendants' motion for summary judgment. .

    Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

1     3. Defendants **shall** file a reply brief no later than **September 29, 2013**.

2     4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

This order terminates docket number 21.

IT IS SO ORDERED.

DATED: July 25, 2013

                                            JEFFREY S. WHITE
                                            United States District Judge

1 **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2 If defendants move for summary judgment, they are seeking to have your case
3 dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil
4 Procedure will, if granted, end your case.

5 Rule 56 tells you what you must do in order to oppose a motion for summary judgment.
6 Generally, summary judgment must be granted when there is no genuine issue of material
7 fact--that is, if there is no real dispute about any fact that would affect the result of your case,
8 the party who asked for summary judgment is entitled to judgment as a matter of law, which
9 will end your case. When a party you are suing makes a motion for summary judgment that is
10 properly supported by declarations (or other sworn testimony), you cannot simply rely on what
11 your complaint says. Instead, you must set out specific facts in declarations, depositions,
12 answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that
13 contradict the facts shown in the defendant's declarations and documents and show that there is
14 a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,
15 summary judgment, if appropriate, may be entered against you. If summary judgment is granted,
16 your case will be dismissed and there will be no trial.

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

6  WAYNE J ROBERTSON,  Case Number: CV12-04698 JSW

7      Plaintiff,  **CERTIFICATE OF SERVICE**

8  v.

9  W STRUFFERT et al,

10      Defendant.

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wayne J. Robertson #C-24851
S.V.S.P.
P.O. Box 1050
Soledad, CA 93960

Dated: July 25, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk