UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE J. ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. STRUFFERT, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-04698-JSW<br><br>**ORDER RE CASE STATUS** |

On October 28, 2015, a minute entry for settlement conference proceedings in this matter indicated that the matter had settled. However, this case remains pending, and the pretrial conference remains on calendar for December 7, 2015.

The parties are reminded that they must comply with the standing orders of the undersigned, including the Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable Jeffrey S. White. Under these Guidelines, the parties' pretrial filings are due fourteen days in advance of the final pretrial conference, which, in this case, means that the pretrial filings are due Monday, November 23, 2015.

The parties also are reminded that paragraphs 44 and 45 of these same Guidelines provide as follows:

> 44.　　Shortly before trial or the final pretrial conference, counsel occasionally wish jointly to advise the Court or the Courtroom Deputy Clerk that a settlement has been reached and to take the pretrial conference or trial off calendar. Cases cannot be taken off calendar in this manner. Unless and until a stipulated dismissal or judgment is filed or placed on the record, all parties must be prepared to proceed with the final pretrial conference as scheduled and to proceed to trial on the trial date, or face dismissal of the case for lack of prosecution or entry of default judgment. Only an advance continuance expressly approved by the Court will release counsel and the parties from their obligation to proceed. If counsel expect that a settlement will be final by the time of trial or the final pretrial conference, they should notify the Court immediately in

writing or, if it occurs over the weekend before the trial or conference, by voice mail to the Courtroom Deputy Clerk. The Court will attempt to confer with counsel as promptly as circumstances permit to determine if a continuance will be in order. Pending such a conference, however, counsel must prepare and make all filings and be prepared to proceed with the trial.

45. Local Rule 40-1 provides that jury costs may be assessed as sanctions for failure to provide the Court with timely written notice of a settlement. Please be aware that any settlement reached on the day of trial, during trial, or at any time after the jury or potential jurors have been summoned without sufficient time to cancel, will normally require the parties to pay juror costs.

The parties and counsel are reminded that failure to comply with any order of this Court, including a scheduling order or the Guidelines for Trial and Final Pretrial Conference, may result in sanctions.

**IT IS SO ORDERED.**

Dated: November 19, 2015

_____
JEFFREY S. WHITE
United States District Judge